IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Stye L. Coleman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:24-cv-03158-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Onuoha, Ms. Sinclair, Ms. Nadin, and Mr. Joseph, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Stye L. Coleman, a federal inmate proceeding *pro se*, filed a complaint against Defendants raising purported constitutional claims arising during the time he was housed at FCI Bennettsville in South Carolina. (ECF No. 1). Plaintiff is now incarcerated at FCI Beckley in West Virginia. It appears Plaintiff is asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for negligence, medical malpractice and Eighth Amendment violations. Plaintiff referenced BOP inmate number 56104 – 056 on the second page of the complaint, *see id.* at 2, but he *signed* the complaint with the BOP inmate number 54104 – 056, *see id*. at 8.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On July 16, 2024, the assigned magistrate judge issued a proper form order, advising Plaintiff that "his pleadings fail to provide any specific facts to support a claim that Defendants Nadin or Joseph violated his federal constitutional or statutory rights;" that Plaintiff's claims for negligence, medical negligence, and malpractice are not actionable pursuant to *Bivens*; and that Plaintiff's Eighth Amendment claim is likewise subject to summary dismissal. (ECF No. 4 at 2–4). The magistrate judge afforded

Plaintiff twenty-one (21) days to file an amended complaint curing these deficiencies and advised that the failure to do so could result in dismissal. *Id*. at 5. On July 16, 2024, this order was mailed to Plaintiff at the FCI-Beckley, West Virginia, address he provided the court and included only the inmate number referenced by Plaintiff on the second page of the complaint—#56104 – 056. (ECF Nos. 1 at 2; 5). On August 9, 2024, the order was returned to the court marked "undeliverable," "unable to identify addressee," and "incomplete name/register number." (ECF No. 7). The court then re-mailed the order using the same inmate number, (ECF No. 8), but, once again, the order was returned by FCI Beckley marked "not deliverable as addressed." (ECF No. 11). Obviously, Plaintiff did not receive the proper form order and, therefore, had no notice of the directive requiring him to cure the deficiencies in his original complaint.

On September 20, 2024, the magistrate judge, having received no response to the proper form order, issued a Report and Recommendation ("Report") (ECF No. 9), concluding that Plaintiff failed to assert actionable claims and recommending that the court dismiss the action without prejudice, without leave to amend and without issuance or service of process. *Id*. at 9. The Report advised Plaintiff of his right to file specific objections to the Report within 14 days of service. *Id*. at 10. The Report, as before, was mailed to Plaintiff at FCI Beckley using inmate number 56104 – 056 and, on October 30, 2024, was once again, returned and marked as undeliverable and contained a note indicating inmate number 56104 – 056 belongs to an inmate other than Plaintiff. (ECF No. 12). On October 31, 2024, the court attempted to mail the Report to Plaintiff one last time (ECF No. 13); however, it was returned to the court on December 3, 2024, marked "not deliverable as addressed" and "unable to forward." (ECF No. 15). Having not received the Report, Plaintiff did not know objections were due and did not file any.

2

FCI Beckley, the facility at which Plaintiff is housed, was apparently unable to determine Plaintiff Stye L. Coleman's inmate number or if he is incarcerated there. Using the search function on the BOP's own website, **however, the court was quickly able to determine that Plaintiff is housed at FCI Beckley and that his inmate number is 54104 – 056 which matches the number Plaintiff used in signing his complaint.**[1]  *See* **(ECF No. 1 at 8);** *see* Federal Bureau of Prisons, *Inmate Search "First Name: Stye, Last Name: Coleman"*, https://www.bop.gov/inmateloc/ (last visited Jan. 14, 2025)

The court declines to dismiss the complaint based on what amounts to a typo, particularly when Plaintiff's correct inmate number appears in the complaint.  **Accordingly, the Clerk of Court is directed as follows: (1) to amend the docket to reflect Plaintiff's inmate number as 54104 – 056; and (2) re-mail the proper form order (ECF No. 4) to Plaintiff using this new information.  The Clerk of Court should also mail a copy of this Order to Plaintiff.**  The court respectfully declines to adopt the Report (ECF No. 9) at this time before another attempt at providing Plaintiff notice of the deficiencies in his lawsuit.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 24, 2025

---

[1] The court takes judicial notice of this information, which is posted publicly on a government website.  See *Goldfarb v. Mayor and City Council of Baltimore,* 791 F.3d 500, 508 (4th Cir. 2015) (noting that "a count may properly take judicial notice of 'matters of public record'")

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.