IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stye Lamar Coleman, ) | C.A. No. 9:24-cv-03158-TMC-MHC |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Dr. Onuoha and Ms. Sinclair, ) | |
| Defendants. ) | |

This action has been filed by Plaintiff, who is proceeding pro se and in forma pauperis, alleging constitutional violations under 42 U.S.C. § 1983. ECF No. 21. Before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 44. Defendants filed a Response in Opposition. ECF No. 50. The matter is ripe for review.[1]

## BACKGROUND

Plaintiff is a federal inmate at Federal Correctional Institution ("FCI") Beckley. ECF No. 21 at 2. In his Amended Complaint, Plaintiff alleges that while housed at FCI Bennettsville, he suffered injuries to his head and neck while using equipment in the recreation yard because the equipment was not bolted down. *Id.* at 5. Plaintiff alleges he fell headfirst and was bleeding from the head until medical arrived, when he was provided aspirin and bandages. *Id.* at 5–6. No concussion protocols or x-rays were performed. *Id.* at 6. Plaintiff brings claims for violations of his Eighth Amendment rights and for negligence. *Id.* at 4.

## DISCUSSION

Plaintiff has moved for a preliminary injunction, asking that this Court order the Federal

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), DSC, the undersigned is authorized to review petitions for injunctive relief and submit findings and recommendations to the District Judge.

1

Bureau of Prisons to cease the withholding of medical care. ECF No. 44 at 1. Plaintiff states he has suffered serious injuries to his back, as stated in his Amended Complaint, and the injuries will lead to irreparable damage if not properly treated. *Id.* Plaintiff notes he has not been seen by an outside doctor since his injury, and this Motion for Preliminary Injunction is his only other available avenue for relief. *Id.*

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (internal quotation marks omitted) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

As an initial matter, Plaintiff is not entitled to the injunctive relief he seeks because the wrong or wrongs that Plaintiff's requested injunctive relief would protect against fall outside the scope of the Amended Complaint and Defendants' control. Plaintiff seeks an order demanding actions by the Federal Bureau of Prisons. ECF No. 44 at 1. However, Plaintiff's Amended Complaint brings claims against two individual Defendants based on their actions while employed at FCI Bennettsville. *See* ECF No. 21 at 2–6. Generally, "a court may not enter an injunction against a person who has not been made a party to the case before it." *Pew v. Wetzel*, No. 3:12-CV-1984, 2015 WL 10474859, at *4 (M.D. Pa. Oct. 30, 2015) (quoting *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996)), *report and recommendation adopted*, No. 3:12-CV-1984, 2016 WL 948878 (M.D. Pa. Mar. 14, 2016); *see also Abdullah-Malik v. Bryant*, No. 1:14-cv-109-RBH, 2015 WL 225740, at *3 (D.S.C. Jan. 16,

2015) ("[T]o the extent [Plaintiff] seeks to enjoin persons who are not parties to this lawsuit, Plaintiff's motion is improper."); *U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC*, 523 F. Supp. 2d 328, 334 (S.D.N.Y. 2007) (denying defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party).

Indeed, Defendants, as employees of FCI Bennettsville, presumably have no ability to control Plaintiff's medical care at FCI Beckley, where he is now housed. *See* ECF No. 21 at 12. Accordingly, to the extent Plaintiff seeks to enjoin persons who are not parties to this lawsuit, the Motion should be denied.

Further, a plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Id.* at 22. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Id.* at 20–23. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. Finally, the court must particularly regard the public consequences of employing the extraordinary relief of injunction. *Id.* at 24.

First, Plaintiff has failed to make a clear showing that he is likely to succeed on the merits of his claim or that he is likely to be irreparably harmed absent injunctive relief. Plaintiff's allegations regarding his injuries implicate the Eighth Amendment. *See Scinto v. Stansberry*, 841 F.3d 219, 233 (4th Cir. 2016). The Eighth Amendment provides protection with respect to the conditions under which a prisoner is confined and the provision of medical care. *See Helling v.*

3

*McKinney*, 509 U.S. 25, 31 (1993); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Abraham v. McDonald*, 493 F. App'x 465, 466 (4th Cir. 2012) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) ("[A] serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotation marks and alterations omitted)).

Though Plaintiff alleges severe back pain resulting from an injury incurred at FCI Bennettsville, ECF No. 21 at 6, Plaintiff has not shown that he is being denied critical medical care for his condition. Plaintiff asserts he has not been seen by an outside doctor since his injury, *see* ECF No. 44 at 1, but he does not indicate he has not been seen at all. In fact, medical records provided by Defendants in response to Plaintiff's Motion indicate Plaintiff was seen as recently as August 25, 2025. ECF No. 50-1 at 1–3. These records show that Plaintiff's neck and back pain were assessed at that visit. *See id.* The only evidence before the Court demonstrates that Plaintiff is receiving appropriate medical care, including assessment and treatment of the conditions on which he bases his claims. Plaintiff has not presented any evidence nor legal arguments to justify the extraordinary relief of a preliminary injunction. He has not made a "clear showing" that he is likely to succeed on the merits of his claim or that he is likely to suffer irreparable harm. *See Winter*, 555 U.S. at 20.

Because Plaintiff has not made a clear showing of a likelihood of success on the merits or irreparable harm, the Court need not reach the remaining two *Winter* elements. Nevertheless, Plaintiff has not demonstrated that the balance of equities necessitates, or that the public interest would favor, entry of an injunction in this instance.

The Court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 24. It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) ("Over the years, federal courts have 'become increasingly enmeshed in the minutiae of prison operations. . . . But under the Constitution, the first question to be answered is not whose plan is best, but in what branch of the Government is lodged the authority to initially devise the plan.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1979))); *see also Wetzel v. Edwards*, 635 F.2d 283, 291 (4th Cir. 1980) (in reviewing a request for preliminary injunction, court must weigh the impact to prison administrators, in addition to inmate, when assessing the likelihood of harm). Accordingly, Plaintiff is not entitled to injunctive relief, and his Motion should be denied.

## RECOMMENDATION

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 44) be **DENIED**.

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

_____
Molly H. Cherry
United States Magistrate Judge

September 9, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).