IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Stye Lamar Coleman, | ) |
|                Plaintiff, | ) ) ) Civil Action No. 9:24-cv-03158-TMC |
| v. | ) ) **ORDER** |
| Dr. Onuoha, and Ms. Sinclair, | ) ) |
|                Defendants. | ) ) |

Plaintiff Stye Lamar Coleman, a federal prisoner housed in FCI Beckley in Beaver, W.V., proceeding *pro se* and *in forma pauperis*, filed this action against Defendants under 42 U.S.C. § 1983, asserting *Bivens*[1] claims based on events occurring while he was housed in FCI Bennettsville in South Carolina. (ECF No. 21 (amended complaint)). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), the action was automatically referred to a United States Magistrate Judge for all pretrial proceedings. On August 25, 2025, Plaintiff filed a motion for a preliminary injunction, seeking an order requiring the Federal Bureau of Prisons ("BOP")— not a party to this action— "cease with the withholding of medical care" to Plaintiff. (ECF No. 44). Defendants filed a response in opposition, (ECF No. 50), and Plaintiff submitted a reply, (ECF No. 53).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 51), recommending that the court deny Plaintiff's motion for a preliminary injunction. The magistrate judge concluded that Plaintiff's requested relief falls outside of the scope of the amended complaint and is beyond the control of the Defendants. *Id.* at 2–3. The Report notes that

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

the amended complaint asserts claims only against two individuals based on their actions while Plaintiff was housed at Federal Correctional Institution ("FCI") Bennettsville in South Carolina and concludes that Defendants "presumably have no ability to control Plaintiff's medical care at FCI Beckley, where [Plaintiff] is now housed." *Id*. at 3. The Report notes further that injunctive relief is unavailable against the BOP which is not a party to this action. *Id*. at 2. Finally, the Report concludes that, in any event, Plaintiff has failed to make the required showing necessary under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), to warrant the extraordinary relief he seeks. *Id*. at 3–5.

The Report was mailed to Plaintiff at the address he provided the court and with the proper identifying information. (ECF No. 52). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 51 at 6), but has not done so, and time has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as

reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 51), which is incorporated herein by reference. Accordingly, Plaintiff's motion for a preliminary injunction, (ECF No. 44), is hereby **DENIED**.

  **IT IS SO ORDERED.**

                s/Timothy M. Cain
                United States District Judge

Anderson, South Carolina
October 3, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

9:24-cv-03158-TMC-MHC     Date Filed 10/03/25     Entry Number 57     Page 4 of 4

4