**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Stye L. Coleman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:24-cv-03158-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Onuoha, Ms. Sinclair, and | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Stye L. Coleman, a federal inmate proceeding *pro se*, brought this action asserting constitutional claims and claims sounding in negligence against Defendants arising from alleged injuries sustained while using exercise equipment during his incarceration at FCI Bennettsville in South Carolina. (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Defendants Onuoha and Sinclair filed a motion to dismiss, (ECF No. 77), and Defendant United States of America filed a partial motion to dismiss, (ECF No. 84).  Now before the court is the magistrate judge's Report and Recommendation (the "Report"), recommending that the court grant both motions. (ECF No. 94).  Plaintiff filed objections (ECF No. 97), and this matter is ripe for review.

**Background**

After an initial assessment of the complaint, the magistrate judge issued a proper form order, advising Plaintiff that "his pleadings fail to provide any specific facts to support a claim that Defendants . . . violated his federal constitutional or statutory rights" and that Plaintiff's claims based on negligence are not actionable pursuant to *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (ECF No. 4 at 2–4).  The magistrate judge afforded Plaintiff twenty-one (21) days to file an amended complaint curing these deficiencies and warned that the failure to do so could result in dismissal. *Id*. at 5.  The court mailed the proper form order to Plaintiff at FCI-Beckley, but the order was subsequently returned to the court marked "undeliverable," "unable to identify addressee," and "incomplete name/register number."  (ECF No. 7).

Having received no response to the proper form order, the magistrate recommended the court dismiss the action for failure to assert actionable claims and advised Plaintiff of his right to file specific objections to that initial report.  The report was mailed to Plaintiff but once again was returned by FCI-Beckley—this time with a notation indicating the inmate number used to mail the report belonged to a different inmate but failing to provide the correct inmate number or confirm that Plaintiff was incarcerated there.  The court *sua sponte* determined that Plaintiff was housed at FCI Beckley and obtained the correct inmate number which Plaintiff used in signing his initial complaint. Because Plaintiff had not received the proper form order despite it having been sent to the facility where he was housed, the court declined to dismiss the complaint, resent the proper form order using the correct inmate number and permitted Plaintiff to respond to such order.

Subsequently, Plaintiff filed an amended complaint naming only Dr. Onuoha and Sinclair as Defendants, asserting the same claims under 42 U.S.C. § 1983 instead of *Bivens*. (ECF No. 21). Defendants Onuoha and Sinclair were served with the amended complaint on May 22, 2025, and, on July 21, 2025, moved to dismiss the amended complaint. (ECF No. 38).  Before the magistrate judge could address the motion to dismiss, Plaintiff filed a flurry of motions including a September 29, 2025, motion to amend the complaint for a second time (ECF No. 54), which the magistrate

judge granted (ECF No. 65), thus mooting the motion to dismiss filed by Defendants Onuoha and Sinclair (ECF No. 70).

On November 6, 2025, the court received Plaintiff's second amended complaint—the operative complaint in this action—which added the United States as a Defendant (ECF No. 66); however, as noted by the magistrate judge, the second amended complaint does not materially differ from the initial complaint, or from the first amended complaint, other than the addition of the United States as a Defendant. *Compare* ECF No. 66, *with* ECF No. 1, and ECF No. 21. Defendants Onuoha and Sinclair then re-filed their motion to dismiss (ECF No. 77)[1], and Defendant United States filed a partial motion to dismiss (ECF No. 84). Plaintiff responded to both motions, and the magistrate judge issued the Report (ECF No. 94) that is currently before the court. Plaintiff, as noted, submitted objections to the Report. (ECF No. 97). This matter is now ripe for review.

### The Report

Accepting the truth of the allegations set forth in the second amended complaint, the magistrate judge summarized the facts as follows:

> At FCI Bennettsville on August 23, 2022, Plaintiff fell forehead first into the cement due to a missing bolt in the sit-up machine that he had been using for two months straight. ECF No. 66 at 5. Defendant Sinclair, the head recreation supervisor at FCI Bennettsville, did not have the equipment bolted to the cement ground. *Id*. She "covered up the scene weeks later with yellow tape." *Id*. at 4.

> According to Plaintiff, Defendant Onuoha, a doctor at FCI Bennettsville, "refused to use concussion protocol," even though Plaintiff received a "violent blow to the skull" as part of the fall. *Id*. Defendant Onuoha's "plan of course for medical treatment was not professional[] to a prisoner with those rights." *Id*.

---

[1] Because Plaintiff's first and second amended complaints differ little substantively, this motion to dismiss is substantially similar to the first motion to dismiss filed by Defendant Onuoha and Sinclair.

(ECF No. 94 at 5).[2]  For his alleged injuries, Plaintiff seeks ten million dollars in actual and punitive damages from each Defendant. (ECF No. 66 at 5).

*Individual Defendants' Motion to Dismiss*.  Plaintiff asserts constitutional claims against Defendants Onuoha and Sinclair pursuant to 42 U.S.C. § 1983, alleging that they violated his rights secured by the Fifth and Eighth Amendments. (ECF No. 66 at 3–5).  Since Defendants Onuoha and Sinclair are federal officials, the magistrate judge liberally construed the second amended complaint as asserting claims pursuant to *Bivens* rather than § 1983.  In *Bivens*, the Supreme Court recognized an implied cause of action against federal officers to recover money damages for a Fourth Amendment violation.  *See* 403 U.S. at 396.  The Supreme Court has extended *Bivens* only twice. *See Davis v. Passman*, 442 U.S. 228 (1979) (recognizing an implied damages remedy under the Due Process Clause of the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing claim under the Cruel and Unusual Punishments Clause of the Eighth Amendment). Since *Carlson*, the Supreme Court "has consistently declined to extend *Bivens* to new contexts," *Goldey v. Fields*, 606 U.S. 942, 945 (2025) (per curiam), and "has repeatedly observed that . . . expanding the *Bivens* remedy to a new context is an 'extraordinary act' . . . that will be unavailable 'in most every case,'" *Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 482, 492, 497 n.3 (2022)).

Courts must apply a two-step framework "for determining whether a *Bivens* remedy is available, and this framework 'places significant obstacles in the path to recognition of an implied cause of action.'" *Annappareddy v. Pascale*, 996 F.3d 120, 133 (4th Cir. 2021). At the first step, "the [C]ourt must determine whether a claim falls within the causes of action already authorized

---

[2] As Plaintiff does not object to the magistrate judge's recitation of facts, the court adopts them without further elaboration.

under the Supreme Court's three prior *Bivens* cases or whether it arises in a new context or involves a new category of defendants." *Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023). If a claim does *not* present a new context, then "a *Bivens* remedy continues to be available." *Hicks v. Ferreyra*, 64 F.4th 156, 166 (4th Cir. 2023) (internal quotation marks omitted). "'But if the context *is* new, courts must move to the second step of the *Bivens* analysis' to evaluate whether 'special factors' suggest that Congress is better equipped to determine whether a damages action should be permissible." *Id*. (quoting *Annappareddy*, 996 F.3d at 133); *see Ziglar*, 582 U.S. at 136 ("[I]f the claim does present a new context, as most will, then the Court must determine if there are special factors counselling hesitation in the absence of affirmative action by Congress."). "[I]f there is 'any rational reason (even one) to think that Congress is better suited to weigh the costs and benefits of allowing a damages action to proceed,' then the Court must not imply a cause of action." *Id*. (quoting *Egbert*, 596 U.S. at 496).

With respect to the first question, the magistrate judge found that Plaintiff's *Bivens* claims arise within new contexts. The Report explains that "[t]o the extent Plaintiff alleges a constitutional claim against Defendant Sinclair based on his fall from the exercise equipment, the claim presents a new *Bivens* context. Such a claim would, at best, constitute a conditions-of-confinement claim, a context to which *Bivens* has not yet been extended." (ECF No. 94 at 10–11). Regarding Plaintiff's Eighth Amendment claim for deliberate indifference to his medical needs against Defendant Onuoha, the magistrate judge concluded that it involves a new context as well, noting that, unlike *Carlson*—which "involved a medical emergency and fatal medical incompetence" Plaintiff's deliberate indifference claim "does not involve a medical emergency, but focuses on treatment for Plaintiff's injury, which he does not allege is emergent, life-threatening, or fatal." (ECF No. 94 at 11–12). And, to the extent Plaintiff contends that Defendant

Onuoha's treatment plan violated the Due Process clause of the Fifth Amendment, the magistrate judge concluded that a *Bivens* claim has never been recognized in that context. *Id*. at 11 n.4.

The magistrate judge then considered whether special factors militate against allowing a *Bivens* claim to proceed in these new contexts. The Report lists several such factors counseling against expanding *Bivens* into the aforementioned new contexts: the availability of alternative remedial mechanisms of which Plaintiff, in fact, availed himself, having filed administrative grievances and a tort action; the increased burden such a new damages remedy may impose upon governmental operations; and the likelihood that "the decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide," a task for which Congress is better suited than the judiciary. *Id*. at 12–13 (internal quotation mark omitted).

In light of these conclusions, the magistrate judge recommends that the court dismiss Plaintiff's constitutional claims against the individual Defendants in their individual capacities for failure to state a claim upon which relief can be granted. Furthermore, the magistrate judge recommends the court dismiss such claims against the individual Defendants to the extent Plaintiff has asserted them against Defendants Onuoha and Sinclair in their official capacities, noting that a *Bivens* action does not lie against either agencies or officials in their official capacity. *Id*. at 14 n.6 (quoting *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)). Finally, the magistrate judge concluded that, to the extent Plaintiff asserts a claim for negligence against the individual Defendants, such claims are not actionable under *Bivens* and recommends dismissal of these claims as well. (ECF No. 94 at 14). The Report, therefore, recommends the court grant individual Defendants' motion to dismiss. (ECF No. 77).

*Defendant United States' Motion to Dismiss.* The Report construes the operative complaint as asserting two claims against Defendant United States under the Federal Tort Claims Act

6

("FTCA"), 28 U.S.C. § 1346(b)(1): (1) negligence for failing to bolt down exercise equipment and (2) medical malpractice for failure to properly treat Plaintiff. (ECF No. 94 at 15). Defendant United States moves to dismiss only the first claim. "The FTCA waives the United States' sovereign immunity for civil suits for money damages 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020). Defendant United States does not dispute that it has waived immunity for claims based on negligence under the FTCA; however, it contends that it is immune as to Plaintiff's claim pursuant to the discretionary function exception ("DFE") to the FTCA, which excepts from the FTCA's waiver of immunity claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." 28 U.S.C. § 2680(a).

To determine whether this exception applies, a court engages in a two-step analysis, where it "must first ascertain whether the acts in question 'are discretionary in nature,' such that they 'involv[e] an element of judgment or choice.'" *Blanco Ayala*, 982 F.3d at 214 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). The magistrate judge concluded that the determination of whether and how to secure exercise equipment was discretionary in nature, noting that Plaintiff has not identified any mandatory policy requiring the Government to follow a certain procedure in maintaining or securing the exercise equipment. (ECF No. 94 at 17–21). Further, the magistrate judge cited decisions from other courts determining that "the decision regarding

implementation of safety features generally, including whether to bolt down exercise equipment, falls within the DFE The undersigned finds that the first prong of the DFE is met." *Id*. at 19–20.[3]

Once the court determines the alleged conduct is discretionary in nature, it still must find that the acts at issue involved public policy considerations in order for the DFE to apply. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988). In doing so, the court should be mindful that there is a presumption that a discretionary act is grounded in policy. *See Medina v. United States*, 259 F.3d 220, 228 (4th Cir. 2001). The magistrate judge applied these principles and determined that "the Government's decision regarding whether and how to secure exercise equipment involves policy considerations including economic factors." (ECF No. 94 at 22 (citing *McCoy*, 2014 WL 261833, at *5 ("Possible policy decisions regarding the maintenance and security of body-building equipment include budgetary concerns, the character of the inmate population, the need for a specific level of security and the convenience of easy access to the equipment."). Accordingly, the magistrate judge concluded that Plaintiff's negligence claim based on failure to secure the exercise equipment should be dismissed for lack of subject matter jurisdiction based on the DFE to the FTCA. The Report, therefore, recommends the court grant Defendant United States' motion to dismiss. (ECF No. 84).

### Standard of Review

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).

---

[3] In particular, the Report relies upon *McCoy v. United States*, No. C-12-3821 TEH (PR), 2014 WL 261833 (N.D. Cal. Jan. 23, 2014), in which the district court for the Northern District of California was presented with an identical question and concluded that the United States enjoyed immunity under the DFE from a prisoner's claim that he was injured as a result of a federal prison staffer's negligent failure to secure/bolt exercise equipment to the ground.

Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

9

## Discussion

After the Report was issued, Plaintiff filed what appears to be both a sur-reply to the dispositive motions addressed by the Report and objections to the Report. (ECF No. 97). The court construes this document as timely objections to the Report. Out of an abundance of caution, the court conducted a *de novo* review of the Report. In these objections, Plaintiff repeats his claims and allegations, stating that such claims have merit, and Plaintiff restates the relief he seeks in this action. Plaintiff also makes other objections—such as his complaint that the individual Defendants improperly filed their motion to dismiss jointly instead of individually—that are unrelated to any issues addressed in the Report. The court finds no merit in Plaintiff's objections and hereby overrules them.

## Conclusion

As set forth above, the court, after a *de novo* review, agrees with and **ADOPTS** the Report (ECF No. 94) and finds no reason to deviate from the recommendations of the magistrate judge. Accordingly, the court hereby **GRANTS** the **MOTION** of Defendants Onuoha and Sinclair and **DISMISSES** all claims against them. (ECF No. 77).

Furthermore, the court hereby **GRANTS** the **MOTION** of Defendant United States for PARTIAL DISMISSAL (ECF No. 84) and **DISMISSES Plaintiff's negligence claim for failure to secure the exercise equipment in question**. Plaintiff's claim against Defendant United States alleging medical malpractice continues, and this action remains before the assigned magistrate judge for continued handling of pretrial matters.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
August 11, 2026

10

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.