**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Stye L. Coleman, Plaintiff, v. United States of America, Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 9:24-cv-03158-TMC **ORDER** |

Plaintiff Stye L. Coleman, a federal inmate proceeding *pro se*, brought this action asserting constitutional claims and claims sounding in negligence against several defendants arising from alleged injuries sustained while using exercise equipment during his incarceration at FCI Bennettsville in South Carolina. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Although this action has an extensive procedural history, the issues have been narrowed to a single claim under the Federal Tort Claims Act ("FTCA") against Defendant United States of America. On August 11, 2026, the Court entered an order granting the motion to dismiss filed by Defendants Onuoha and Sinclair and granting the motion for partial dismissal filed by Defendant United States as Plaintiff's negligence claim for failure to secure the exercise equipment in question. (ECF No. 121). Accordingly, following that order, only Plaintiff's claim against Defendant United States under the FTCA alleging medical malpractice remained. *See id.*

Shortly thereafter, Defendant United States filed a summary judgment motion as to the remaining claim in which Plaintiff alleges that following his fall from the exercise equipment, Defendant's medical staff failed to use concussion protocol and followed a course of treatment that deviated from professional standards. (ECF No. 126). Now before the Court is the magistrate

judge's Report and Recommendation (the "Report"), recommending that the Court grant the motion for summary judgment and dismiss the action. (ECF No. 145). The magistrate judge's excellent analysis merits quotation at length:

> Under the FTCA, procedural matters are governed by federal law; however, the FTCA directs courts to examine substantive legal issues pursuant to the laws of the place where the act or omission occurred. *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) ("A plaintiff has an FTCA cause of action against the government only if [he] would also have a cause of action under state law against a private person in like circumstances."). State law determines whether there is an underlying cause of action. *Id*.
>
> South Carolina tort law governs this action because Plaintiff alleges he suffered medical malpractice while incarcerated at FCI Bennettsville in South Carolina. ECF No. 66 at 4; *see* 28 U.S.C. § 2674; *Molzof v. United States*, 502 U.S. 301, 305 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law."); *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (explaining that the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred"); *Miller*, 932 F.2d at 303.
>
> To establish liability in a medical malpractice case under South Carolina law, a plaintiff must establish the following elements: (1) the recognized and generally accepted standards, practices, and procedures in the community that would be exercised by competent physicians in the same specialty under similar circumstances; (2) the physician in question negligently deviated from the generally accepted standards, practices, and procedures; (3) such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury; and (4) the plaintiff was injured. *Dumont v. United States*, 80 F. Supp. 2d 576, 581 (D.S.C. 2000); *see also Brouwer v. Sisters of Charity Providence Hosps*., 763 S.E.2d 200, 204 (S.C. 2014); *David v. McLeod Reg'l Med. Ctr*., 626 S.E.2d 1, 3–4 (S.C. 2006). Plaintiff bears the burden of proof as to each element of his medical malpractice claim. *Dumont*, 80 F. Supp. 2d at 581.
>
> Generally, a "plaintiff must provide expert testimony to establish both the required standard of care and the defendants' failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge so that no special learning is required to evaluate the conduct of the defendants." *David*, 626 S.E.2d at 4 . . . Proximate cause also generally requires expert testimony. *See Bramlette v. Charter-Medical-Columbia*, 393 S.E.2d 914, 916 (S.C. 1990).
>
> . . .

> Plaintiff does not dispute that he has not identified any expert, nor provided any expert opinion regarding the standard of care or any deviation therefrom, in this case. *See* ECF No. 133. Instead, he appears to argue that his medical malpractice claim falls within the common knowledge exception to the requirement for expert testimony, which applies where "the defendant's [alleged] careless acts are quite obvious, [such that] the plaintiff need not present expert testimony to establish the standard of care." *Brouwer*, 763 S.E.2d at 204 (citation omitted). . . . [Plaintiff suggests there was] medical negligence at FCI Bennettsville because "there were no MRIs, nor concussion protocols done for a skull, neck, back, and chest cavity injury, nor did the Plaintiff receive any treatment from an orthopedic or a bone specialist." . . .
>
> . . .
>
> "Plaintiff's own lay opinion that the medical care and treatment he received was improper and constituted malpractice is not itself competent evidence to support such a claim." *Frederick*, 2016 WL 1317528, at *7 (emphasis in original); *see David*, 626 S.E.2d at 4 ("In South Carolina, medical malpractice actions require a greater showing than generic allegations and conjecture."). Moreover, the subject matter at issue in Plaintiff's claim is not the type that can be evaluated based on common knowledge and experience.
>
> . . .
>
> Without medical testimony stating otherwise, the court cannot determine whether the treatment provided to Plaintiff after his fall was below the standard of care or whether any negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of Plaintiff's injuries. . . .
>
> Because Plaintiff has not presented any expert testimony whatsoever and his circumstances do not fall within the common knowledge exception, summary judgment on his remaining medical malpractice claim should be granted in favor of Defendant.

(ECF No. 145 at 8–13). Accordingly, the magistrate judge recommended Defendant United States' motion for summary judgment (ECF No. 126) be granted and the case be dismissed. *Id*. at 14.

On November 5, 2026, the Court received objections to the Report from Plaintiff. (ECF No. 151). The deadline for filing such objections was November 3, 2026; however, Plaintiff's objections were post marked November 2, 2026. (ECF No. 151). Pursuant to the prisoner mailbox

rule, a *pro se* prisoner's motion is "deemed filed" on the date it is given to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, the Court deems Plaintiff's objections timely.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting

the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

To the extent Plaintiff's objects to the Court's August 11, 2026, Order dismissing all claims except for the medical malpractice claim against the United States, the Court overrules the same as clearly without merit. The Report (ECF No. 145) currently before the Court does not address those claims; such claims were dismissed on August 11, 2026 (ECF No. 121). In fact, Plaintiff filed a Notice of Appeal as to that order, (ECF No. 136), divesting this Court of jurisdiction as to the issues raised in the August 11, 2026 order. The Court may adjudicate the issues addressed in the Report (ECF No. 145) currently at bar as such issues are not presently before the Fourth Circuit. *See Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("[A] timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.").

To the extent Plaintiff objects to the dispositive portion of the Report currently before the Court, he simply repeats conclusory statements and makes completely unsupported claims that medical staff did not adhere to professional medical norms. These objections are frivolous, and the Court rejects them.

Nonetheless, out of an abundance of caution and in an effort to preserve judicial resources in the long run, the Court conducted a *de novo* review of the Report in its entirety. Having found no error, the Court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 145), which is incorporated herein by reference.

Accordingly, Defendant United States' motion for summary judgment (ECF No. 126) is hereby **GRANTED.** Any other motions currently pending are denied as moot. The Clerk of Court shall mail a copy of this order to Plaintiff at his most current address on file and close this case.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

Anderson, South Carolina
November 12, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.